In the Matter of **WALMAR SCREEN PRINTING CO., Inc., Debtor.**

No. 55275.

United States District Court
E. D. New York.

June 21, 1960.

Supplemental Opinion June 29, 1960.

See, also, D.C., 177 F.Supp. 684.

Sylvester & Harris, New York City, for petitioner, by Henry L. Wolff, New York City, of counsel.

Chester A. Lessler, New York City, for debtor.

BYERS, District Judge.

A motion was decided April 4, 1960 in connection with an application to declare the debtor in contempt of court for failing to perform a fiduciary duty which attached to it in connection with an order of this Court.

This is a Chapter 10 proceeding, 11 U.S.C.A. § 501 et seq., the ultimate outcome of which does not clearly appear in the record.

The motion was granted so far as the corporate debtor was concerned, and at the hearing the creditor who made the motion, sought to have the order also declare that Everett Jacobs, the president of the debtor, be declared personally in contempt. The Court pointed out that as of the date of the said decision, no evidence had been offered to justify granting the motion against the individual, and consequently a further hearing was had in that behalf on May 11, 1960, as a result of which the Court makes the following

Findings:

1. The original petition for reorganization disclosed that the assets and liabilities of the debtor were made up as follows:

---

Assets:

| | | |
|---|---:|---:|
| Accounts Receivable | $ 4,293.72 | |
| Machinery and Equipment | 187,327.21 | |
| Screens (the product produced by the debtor) | 50,000.00 | $241,620.93 |

Liabilities:

| | | |
|---|---:|---:|
| Accounts Payable | 28,630.00 | |
| Note secured by Chattel Mortgage | 22,000.00 | |
| Note secured by Chattel Mortgage | 29,591.75 | |
| Miscellaneous loans | 15,073.85 | |
| Pension Fund | 300.00 | |
| Vacation Fund | 300.00 | |
| Rent and Power | 7,171.46 | |
| Taxes, Social Security and Withholding | 28,440.39 | |
| Unemployment Insurance | 2,800.00 | |
| Federal Income Tax (Government lien) | 7,500.00 | $141,807.45. |

2. The entire capital stock of the debtor, 150 shares, was owned equally by Everett Jacobs and his wife, who were the only officers and directors.

3. Everett Jacobs was president of the debtor and operated its business.

4. Everett Jacobs is found to have been doing business in the corporate form and is to be held personally responsible for any dereliction on the part of the debtor in possession, namely, a failure to perform all the duties of a trustee of the corporate property.

5. During the month of July, 1959, the plant and equipment of the debtor were moved from the premises which it occupied at the time this proceeding was instituted, to Hicksville, Long Island.

6. By some process that has not been laid bare, the property was acquired by Consolidated Screen Printing Corporation, all of the stock of which was owned by Jacobs and his wife, or by Jacobs himself.

7. There seems to have been no formal transfer of title to the corporate property of the debtor, to Consolidated. Thus:

"The Court: How did Walmar transfer title to this machinery and equipment to Consolidated?

"Mr. Lessler: (Attorney for debtor) It never did.

"The Court: Then the machinery and equipment in Hicksville is still the property of the debtor?

"Mr. Lessler: Yes—not all of it —but that which was listed in the schedules.

"The Court: It continued to be its property?

"Mr. Lessler: Yes."

8. In March of 1960 there was a foreclosure of one or both of the chattel mortgages referred to in the statement of liabilities.

The said sale in foreclosure was held on March 22, 1960 and yielded the net sum of $3,005.64 which was paid to the ostensible holder of one or both of said chattel mortgages.

9. This motion is made on the part of the landlord of the premises formerly occupied by the debtor, to whom there was awarded by order of this Court the sum of $2,127.37 payable by the debtor as an administration expense, in connec-

tion with liabilities incurred by the debtor during the period after the filing of the petition and while the debtor was continuing its own operations in those premises, pending the filing and approval of a plan of reorganization.

An appeal from that order was never perfected, and the amount directed to be paid as an administration expense was not paid.

10. The debtor received notice during the early days of March, 1960, that the ostensible assignee of one or both of said chattel mortgages proposed to foreclose the same.

11. On November 5, 1958, at the time of the initiation of the debtor proceedings, an order was entered which provided in part:

> "All persons, firms and corporations * * * are hereby enjoined and restrained from * * * or to foreclose any lien or claim upon the estate or property of the debtor, or from selling any property of the debtor * * * until further order of this court, or until the entry of a final decree herein; and all sheriffs, marshals and their deputies and employees * * * are hereby enjoined and restrained from selling, seizing, removing, transferring, * * * or in any way to interfere with any property, assets or effects in the possession of or owned by the debtor and from doing any act whatsoever to interfere with the possession and management by the debtor of the assets and business of the debtor during the pendency of this proceeding."

12. The ostensible holder of the said chattel mortgages, one Gittleson, made no demand upon the debtor for the payment of the notes to secure which the chattel mortgages are said to have been given, prior to the notice of foreclosure.

13. It was the clear duty of the debtor in possession, upon receiving notice of the intended foreclosure of the said chattel mortgages, to apply to this Court for a stay in accordance with the provisions of the said order of November 5, 1958, to the end that the legal situation as it then existed, might be brought to the attention of the Court for appropriate adjudication.

14. The debtor in possession failed to take any action whatever to protect the property of the debtor and thus failed completely to discharge the fiduciary duty which the law visited upon the said debtor by reason of its being continued in possession of the corporate property.

15. This breach of duty was personal on the part of Everett Jacobs.

## Comment:

The fact that the debtor listed among its liabilities, taxes, social security and withholding, in the sum of $28,440.39 is indicative of Everett Jacobs' lack of any sense of responsibility for funds and property entrusted to his care.

## Conclusion of Law:

The said Everett Jacobs is held to be personally in contempt of the order of this Court, dated January 11, 1960, establishing the administration expense referred to in Finding 9.

## Comment:

The foregoing Findings and Conclusions present no difficulty in view of the testimony and record in this proceeding.

The real problem that must be faced is the framing of an appropriate order.

A nominal fine could be levied upon Jacobs, in the default of the payment of which he could be taken into custody, but it does not follow that the amount of that fine could be properly fixed at the said sum of $2,127.37, being the administration expense heretofore established.

If Jacobs had caused the debtor to apply for a stay of the foreclosure of the chattel mortgages, in line with the provisions of the original order above quoted, the question of the validity of the chattel mortgages in the hands of Gittleson would have been before the Court; testimony would have been required in the effort to adjudicate the controversy thus presented. The chattel mortgages

were liens recognized in the debtor proceeding and provided for in the plan, which means that they might have been established as a matter of law, and it cannot thus be said that the administration expense would have taken priority over them. This means that had Jacobs performed his duties, it would not necessarily have brought about the payment of the administration expense above referred to.

Counsel are invited to submit in the form of memoranda, citations from decisions which would aid the Court in formulating the final order to be entered upon this decision; such memoranda should be received within five days from the date of this decision.

### SUPPLEMENTAL OPINION

As requested in the opinion of this Court dated June 21, 1960, counsel have submitted memoranda on the question of an appropriate fine to be imposed upon Everett Jacobs for his contempt of court, as found in said opinion.

Certain of the language appearing in the case of The Babee-Tenda Corporation v. Scharco Manufacturing Co., Inc., D.C., 156 F.Supp. 582, is found to be appropriate. Thus (at page 587):

"In a civil contempt proceeding such as this penalties are confined to the actual damages suffered by the opposing parties from failure to comply with the injunction and their costs and expenses including counsel fees in investigating the violations and prosecuting the contempt. Such penalties are imposed on behalf of and for the benefit of the injured parties. In contrast to criminal contempt punitive damages may not be allowed (citing cases)."

And at page 588:

"Plaintiffs' claim of actual damages must be established by compe-
tent evidence and the amount must not be arrived at by mere speculation or conjecture (citing cases)."

As stated in the earlier opinion, it cannot be found that the landlord has established as a matter of law that it has suffered a loss in the non-payment of the administration expense heretofore explained, as the result of the failure of the debtor in possession to seek to stay the foreclosure of the chattel mortgages which was threatened in the month of March, 1960. The opportunity to litigate that question was deliberately forgone by the debtor in possession, and I am willing to assume that this was the result of legal advice which was unsound. Nor did the landlord, although it had notice of the proposed foreclosure, seek to intervene on its own behalf.

To impose a fine upon Everett Jacobs in the amount of the administration expense, thus in effect establishing its priority over the liens of the chattel mortgages, is something which this Court believes that it has not the legal power to do on the present showing.

Accordingly, the order is to provide that Everett Jacobs is to be fined as follows:

$100.00 for his contempt, as heretofore adjudicated;

$200.00 for counsel fee to the attorneys for the petitioner;

$ 51.15, the cost of the record made in the hearing of May 11, 1960, totalling

_____

$354.15.

He is to be given thirty days within which to pay the fine, and to stand committed for non-payment at the end of that time.

Settle order on two days' notice within seven days from the date hereof.